OPINION
Appellant Rachelle Lee Bast appeals a judgment of the Stark County Common Pleas Court convicting her of one count of promoting prostitution (R.C. 2907.22):
 ASSIGNMENTS OF ERROR
I. THE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF THE APPELLANT'S PRIOR CONVICTION TO BE INTRODUCED INTO EVIDENCE.
II. THE JURY'S VERDICT FINDING THE APPELLANT GUILTY OF PROMOTING PROSTITUTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
III. THE PROSECUTOR'S CONDUCT DURING CLOSING ARGUMENTS WAS IMPROPER AND PREJUDICIAL AND DEPRIVED THE APPELLANT OF HER RIGHT TO A FAIR TRIAL IN CONTRAVENTION OF THE FIFTH ANDFOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION.
IV. THE APPELLANT WAS DENIED THE RIGHT TO RIGHT TO [SIC] EFFECTIVE ASSISTANCE OF COUNSEL.
On August 31, 1997, the Canton Police Department received a citizen's complaint regarding the existence of a brothel at 704 Roslyn Avenue S.W. in the City of Canton. Using the name "Robert Jones," the complainant had set up an appointment with an escort service called "A Taste of Pleasure." Robert spoke to a woman who identified herself as Samantha. Samantha instructed him to meet her at the Roslyn Avenue address. Posing as Robert Jones, Canton Police Detective Bill Adams went to the Roslyn Avenue address. Melody Wilcox greeted Detective Adams at the door. She was wearing a robe. While Adams waited on the couch, Wilcox telephoned the escort service to inform the service that her client had arrived. Wilcox then asked Adams if he knew the fee schedule. He responded that he did not . She told Adams that a full body massage, while she was wearing a bikini top and bikini bottom, would cost $100.00. Adams immediately paid the $100.00, and Wilcox took him to an upstairs bedroom. She took off her robe to reveal the bikini top and bottom. She explained that for an additional $50.00 she would remove her top, and for another $50.00 she would remove her bottom. She explained that she was prohibited from having sexual intercourse with him, but for an additional $50.00 she would help him "jack off." Tr. 205. Adams repeated a code word to call fellow officers who were waiting outside the residence. When Wilcox answered the door, the officers entered the residence and placed her under arrest. When Adams came down stairs, he noticed a picture of appellant on the wall. He recognized appellant, and asked Wilcox if appellant stayed at the residence. Wilcox told Adams that the house belonged to appellant. Adams later interviewed Wilcox. She told officers that it was against the rules of the service for sexual activity to take place between the women and the customers. She stated that the money she received that night was going to be paid to appellant. Wilcox was subsequently convicted of soliciting prostitution. Appellant was arrested several days after Wilcox's arrest. After waiving her Miranda rights, appellant gave a statement to Adams. Appellant told Adams that other women from the escort service, besides Melody Wilcox, used her home to meet clients. Appellant stated that the women turned their fees over to her, and she in turn turned the money over to her mother, who operated the escort service. Appellant stated that the escort service did not allow sexual contact or intercourse between the women and the clients, but it was an unwritten rule that the girls would masturbate their clients or have sex with them. Approximately three months before Wilcox's arrest, Canton Police had received another citizen's complaint regarding a prostitution service posing as an escort service. Detective Joseph Pileggi, of the Canton Police Department, met appellant at a room in the downtown Canton Hilton Hotel. When appellant came into the hotel, she asked Pileggi if anyone had explained the fee schedule to him. She explained that for $100.00, she would give him a full body massage while she was dressed in her bra and panties. Pileggi paid appellant the $100.00, and appellant telephoned the service to inform them that she had obtained her fees. She then stripped to her bra and panties, and began giving Pileggi a full body massage. She told him that the women worked on tips, and that she would remove her top for an extra $50.00, and her bottom for another $50.00. She told him that many of the girls would masturbate their clients for an additional $100.00. Pileggi paid her an additional $100.00. She told him that she had not had sexual intercourse in the past two months, and that for the extra $100.00, she would have intercourse with him. She then produced a condom from her purse. Pileggi got up from the bed, said a key word, and back up officers entered the room and arrested appellant. As a result, appellant was convicted of soliciting. Appellant was indicted on one count of promoting prostitution in violation of R.C. 2907.22. The case proceeded to jury trial, in the Stark County Common Pleas Court. Appellant was convicted as charged. She was sentenced to a determinate term of 12 months incarceration, and fined $2,500.
 I
Appellant argues that the court erred in allowing the State to present evidence of her previous conviction for solicitation. Appellant contends that R.C. 2907.26 (C), which expands the other acts restrictions of Evid.R. 404 (B), is unconstitutional. While appellant objected to the admission of the other acts evidence, and filed a motion in limine to exclude such evidence, the objection sought exclusion pursuant to Evid.R. 404 (B). The motion and objections did not raise a constitutional claim, and did not attack the constitutionality of R.C. 2907.26. Therefore, appellant has not preserved the error for purposes of appeal, and we cannot reverse absent a showing of plain error. E.g. State v. Phillips (1995), 74 Ohio St.3d 72, 91, cert. denied,57 U.S. 1213. Evid.R. 404 (A) provides that evidence of a person's character is not admissible to prove the person acted in conformity with that character, subject to specific statutory evidentiary guidelines in prostitution cases. Evid.R. 404 (B) sets forth an exception to the general rule against admitting evidence of a person's other bad acts. This Rule allows evidence of other crimes, wrongs, or acts to be admitted to demonstrate proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. R.C.2907.26 provides that in any prosecution for prostitution, proof of a prior conviction of the accused of any such offense, or any substantially equivalent offense, is admissible in support of the charge. We need not reach the issue of constitutionality of R.C.2907.26, as evidence of appellant's prior prostitution conviction would be admissible pursuant to Evid.R. 404 (B) to show common scheme or plan, and knowledge of the activities of the escort service. In the instant case, the solicitation plan of Wilcox and appellant were virtually identical. Appellant agreed to give Detective Pileggi a full body massage, while dressed in a bra and panties for $100.00. Thereafter, she offered to remove the bra for $50.00, and to remove her panties for $50.00. She then told him that for $100.00 the girls in the service would masturbate their clients. Similarly, Wilcox told Detective Adams that she would give him full body massage for $100.00, while dressed in a bikini top and bottom. She then offered to remove her bra $50.00, and her panties for $50.00. She then offered to masturbate the officer for another $50.00. Evidence of other acts is admissible if there is substantial proof that the alleged similar act was committed by the defendant, and if the evidence also tends to prove identity, scheme, motive, or system. State v. Broom (1988), 40 Ohio St.3d 277,282-283. In the instant case, the evidence of appellant's prior encounter with Detective Pileggi tended to show a common scheme or plan. Therefore, the evidence was admissible pursuant to Evid.R. 404 (B), and we need not reach the constitutionality of R.C. 2907.26. The first assignment of error is overruled.
 II
Appellant argues that her conviction is against the manifest weight of the evidence. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the jury clearly lost its way. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial shall be exercised only in the exceptional case where the evidence weighs heavily against the conviction. Id. Appellant was convicted of promoting prostitution: 2907.22
 PROMOTION PROSTITUTION
(A) No person shall knowingly: (1) Establish, maintain, operate, manage, supervise, control, or have an interest in a brothel; (2) Supervise, manage, or control the activities of a prostitute in engaging in sexual activity for hire; (3) Transport another, or cause another to be transported across the boundary of this state or of any county in this state, in order to facilitate the other person's engaging in sexual activity for hire; (4) For the purpose of violating or facilitating a violation of this section, induce or procure another to engage in sexual activity for hire.
Appellant argues that she was not aware that the girls who worked for the escort service were engaging in sexual activity with the clients, as such activity was prohibited by the service. Further, she argues that all money she received was turned over to her mother, who actually ran the service. The jury heard evidence that Wilcox offered to masturbate Detective Adams, during an appointment in appellant's home. She testified at trial that she was going to give the money she received from Detective Adams to appellant, who would in turn give the money to her mother. Detective Adams testified concerning his interview with appellant. Appellant admitted during the interview that other women from the escort service had used her home, that the women from the service had turned their fees over to her, and that she then turned the fees over to her mother. Appellant further admitted that although the service did not allow sexual activity between the women and the clients, it was an unwritten rule that the women either masturbated their clients or had intercourse with them. Although appellant may ultimately have turned the money over to her mother, there was sufficient evidence to support a finding that she helped operate and manage the service, with knowledge that the girls would engage in sexual activity with the clients. The judgment is not against the manifest weight of the evidence. The second assignment of error is overruled.
 III
Appellant argues that the prosecutor committed misconduct during closing argument. Claims of prosecutorial misconduct are reviewed under a two-tiered analysis. First, we must examine whether the prosecutor's action were improper, and second, we must determine whether the conduct so prejudiced the defendant as to deny her the right to a fair trial. State v. Lott (1990), 51 Ohio St.3d 160,165, cert denied, 498 U.S. 1017. In addition, in reviewing an allegation of prosecutorial misconduct, we must consider the conduct in the context of the entire trial. State v. Kelly (1994),93 Ohio App.3d 257, 266-67. Appellant did not object to either comment to which he now claims error. Therefore, we must find plain error in order to reverse. Appellant first argues that the following comment by the prosecutor was not supported by the evidence:
WE KNOW ALL ABOUT HER EARLIER CONVICTION FOR SOLICITATION, AND AT THAT TIME SHE WAS WORKING FOR ANOTHER AGENCY; AND WE KNOW THAT THE ACTS THAT TOOK PLACE THERE WERE CARRIED OVER INTO HER NEW VENTURE WHEN SHE STARTED HER OWN OPERATION.
Tr. 240.
Appellant argues that there is no evidence that she started her own escort service, as the evidence reflected that her mother started the escort service. The evidence reflected that at the time of her conviction for solicitation, appellant was working for a different escort service. The record reflects that the fee schedule used by "A Taste of Pleasure" was identical to the fee schedule quoted by appellant to Detective Pileggi while she was working for a different service. Further, there was evidence that the girls used appellant's home for appointments, and that they turned their money over to appellant. The prosecutor's comment that appellant started the operation was a fair comment on the evidence. Appellant also argues that the prosecutor improperly commented on the credibility of the officers:
THESE OFFICERS, THEY HAVE NO MOTIVE TO LIE. THEY GO OUT, THEY DO THEIR JOB. THEY HOPE IT BRINGS IN A CONVICTION. IF IT DOESN'T, THEY GO ON AND THEY DO THEIR JOB AGAIN. THEY HAVE NO MOTIVE TO COME INTO THIS COURTROOM AND LIE.
Tr. 246-247.
A prosecutor can bolster his own witnesses, and conclude by saying, in effect, "the evidence supports the conclusions that these witnesses are telling the truth." State v. Draugn (1992),76 Ohio App.3d 664, 670. He cannot say, "I believe these witnesses," because such argument invades the province of the jury, inviting the jury to decide the case based upon the credibility and status of the prosecutor. Id. In the instant case, the prosecutor did not improperly bolster the credibility of her witnesses. The prosecutor did not state that she personally believed the testimony of the witnesses; she merely commented that the police officers did not have a motive to lie. As appellant raised issues concerning the credibility of the officers during trial, these statements in closing argument did not constitute misconduct. The third assignment of error is overruled. IV Appellant argues that her trial counsel was ineffective. Counsel is not ineffective unless his performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland v. Washington (1984), 466 U.S. 668,687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, cert denied (1990), 497 U.S. 1011. To demonstrate prejudice, the defendant must show that but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 691; Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Appellant specifically argues that counsel was ineffective for failing to object to the comments made by the prosecutor during closing argument, for which appellant claimed prosecutorial misconduct in Assignment of Error III.
As we found no prosecutorial misconduct in the statements, counsel was not ineffective for failing to object.
The fourth assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, J., Wise, P.J., and Hoffman, J., concur