JOURNAL ENTRY AND OPINION
Appellant Ahmed Jones appeals the decision of the trial court convicting him of attempted murder with a firearm specification and sentencing him accordingly. Jones assigns the following two errors for our review:
 I. PROSECUTORIAL CONDUCT DEPRIVED THE APPELLANT OF HIS RIGHT TO A FAIR TRIAL.
 II. HEARSAY ADMITTED INTO EVIDENCE DEPRIVED THE APPELLANT OF HIS RIGHT TO A FAIR TRIAL.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
Ahmed Jones was convicted for shooting an acquaintance, Anthony Travis. Jones and Travis knew one another from the neighborhood and had been acquainted for approximately ten years. According to the evidence presented at Jones' trial, Travis believed that Jones had stolen a jacket that Travis loaned to his girlfriend. When Travis confronted Jones about the jacket, the two men began fighting. Several days later, Travis encountered Jones at a local store and offered him a drink in an attempt to reconcile their differences. However, Jones refused his offer.
Travis and two friends, Kim Sellers and Kim Tonia Kempson left the store and started home when Sellers expressed a desire to return to the store for some additional items. As the group turned to go back to the store, Jones approached them with his hands in his pockets and asked Sellers if she had been talking about "doing something" to him. Sellers replied that she had not. Jones then turned to Travis and repeated his question. Travis replied that he had not. Travis then asked, "what are you going to do, shoot me?" Immediately thereafter, Jones began firing his gun at Travis, hitting him at least four times and continuing to pull the trigger even after running out of ammunition. After the shooting, Jones ran from the scene in the direction of his mother's house. Travis, Kempson, and Sellers all identified Jones for the police.
Jones presented testimony from his mother, cousin, and girlfriend. His cousin had testified that Jones and his girlfriend came to her house at approximately 5:30 p.m. and remained there until 8:00 or 9:00. Jones' girlfriend testified that Jones was with her all day on the day of the shooting. The jury convicted Jones of attempted murder with a firearm specification and having a weapon under disability. This appeal followed.
In his first assignment of error, Jones argues that misconduct by the prosecutor denied him a fair trial. Specifically, he challenges statements made by the prosecutor during voir dire and during closing argument which criticized the defense's evidence, commented about the credibility of witnesses and informed the jury that the prosecution had an interest in keeping the streets safe. We must note that none of the challenged comments were objected to at trial and any error therein is waived absent plain error. See State v. Fears (1999), 86 Ohio St.3d 329, 332, citingState v. Wade (1978), 53 Ohio St.2d 182 at paragraph one of the syllabus. In order to demonstrate plain error, an appellant must show that the outcome of the trial clearly would have been different if not for the error. "Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v.D'Ambrosio (1993), 67 Ohio St.3d 185; State v. Long (1978),53 Ohio St.2d 91 at paragraph three of the syllabus.
When reviewing a claim of prosecutorial misconduct, the prosecutor's comments must be viewed in the context of the entire trial. State v. Kelly (1994), 93 Ohio App.3d 257, 266-67. Statev. Bast (September 20, 1999), Stark App. No. 1998CA00071, unreported. Jones was identified as the shooter by both the victim and an eyewitness to the shooting, both of whom were well-acquainted with Jones. The state also introduced evidence that Jones fought with the victim just four days before the shooting. In light of the evidence presented, we are unable to conclude that Jones' conviction was a manifest injustice. Accordingly, we overrule Jones first assignment of error.
In his second assignment of error, Jones argues that the erroneous admission of hearsay evidence denied him a fair trial. Specifically, he challenges the admission of an "FBI's Most Wanted" article featuring Jones which appeared in the Cleveland Plain Dealer. Jones argues the article was prejudicial hearsay and was not properly authenticated. He also adds that the trial court should have given a cautionary instruction about the article.
The article was referred to during the cross-examination of Belinda Worthen, Jones' girlfriend. The prosecution questioned Worthen about the article.
 Q: When did you first learn that the police were looking for Ahmed?
A: When I read it in the Plain Dealer.
 Q: All right. I'm going to show you an article out of the paper marked State's No. 13 and ask you to look at that.
A: (Indicating).
Q: Is that the article you read, ma'am?
A: Hmm-hmm.
 Q: All right. Do you remember when you read that article?
 A: Yes, I do. It had to be about 5:15 in the morning at work.
Q: All right. Do you recall what date?
A: No, I don't.
Q: Can you give us the month?
A: No, I can't.
(Tr. 352.)
As the above transcript excerpt reveals, Jones did not object to the questions about the article. However, he did object to its admission into evidence, arguing that the article was not properly authenticated. The trial court admitted the article into evidence over Jones' objection and noted that Worthen had identified it.
 It does appear to be a full article. And the witness did identify it as the article she read that she — that's when she first learned that Mr. Jones was charged with the crime. It will be admitted over the defense objection.
(Tr. 360.)
Under Evid.R. 902 (6), printed copies of newspapers are self-authenticating for purposes of introduction into evidence. Verification of their contents is not a prerequisite to admissibility. State v. Greer (1988), 39 Ohio St.3d 236 at paragraph 1 of the syllabus, certiorari denied (1989),490 U.S. 1028, 109 S.Ct. 1766, 104, L.Ed.2d 201. The reliability of the document may be impeached after its admission. Id. Accordingly, we conclude that the article was properly authenticated.
Although Jones argues that the trial court should have given a cautionary instruction about the article. The record reveals that Jones failed to request any such instruction. Under Crim.R. 30, a party may not assign as error the giving or failure to give instructions unless he objected to them before the jury began deliberating. Crim.R. 30. Accordingly, Jones has waived any objections to the allegedly defective jury instructions.
Remaining for our consideration is whether the article was so prejudicial to Jones that its probative value was outweighed. We conclude that it was not. A trial court's decision about the admission of evidence should not be reversed unless a clear abuse of discretion by the trial court resulted in material prejudice to the appellant. State v. Vega (Oct. 27, 1999), Summit App. No. 19369, unreported, citing State v. Maurer (1984), 15 Ohio St.3d 239,265, certiorari denied (1985), 472 U.S. 1012,105 S.Ct. 2714, 86 L.Ed.2d 728.
Jones argues the article was prejudicial in that it states definitively that Jones shot another man. However, the prosecution made clear that it was not using the article to prove that Jones shot Travis, but rather to impeach Worthen's alibi testimony. The prosecutor got Worthen to admit that she saw the article, then argued during his closing argument that Worthen did not contact law enforcement authorities to tell them that Jones was with her on the night of the shooting. The article was used to support the prosecution's contention that Jones' alibi was fabricated.
We also reject Jones' contention that the article was misleading as to why the FBI was looking for Jones. The article clearly set forth the charges against Jones and explained that the FBI was involved with the Cleveland/Cuyahoga Fugitive Task Force which sought to arrest fugitives being sought for violent crimes. We conclude that the article was properly admitted by the trial court. Jones' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 __________________________________ PATRICIA ANN BLACKMON JUDGE