OPINION
{¶ 1} This is an appeal from a jury conviction in the Court of Common Pleas, Stark County as to one count of gross sexual imposition. (R.C. § 2907.05(A)(4)).
 STATEMENT OF THE FACTS AND CASE {¶ 2} The indictment accused appellant of sexual contact with his stepdaughter, who was born June 17, 1985, through a continuous course of conduct from about August 15, 1996 to May 31, 1998.
 {¶ 3} The ten Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 4} "I. The appellant was denied due process and a fair trial when the prosecutor engaged in misconduct at trial, which misconduct substantially prejudiced appellant and misled the jury."
 {¶ 5} "II. Appellant was denied his constitutional right to effective assistance of counsel when appellant's trial counsel failed to protect appellant's rights at trial."
 {¶ 6} "III. Appellant was denied due process and a fair trial when the trial court denied appellant's trial counsel access to the records from the department of job and family services."
 {¶ 7} "IV. The trial court erred when it failed to grant the appellant's motion for acquittal at the close of the state's case as the evidence was insufficient to sustain a conviction."
 {¶ 8} "V. The trial court erred to the prejudice of the appellant when it repeatedly permitted the introduction of hearsay testimony of Stephanie Walker, Cindy Howard and c.SIC J. Cross."
 {¶ 9} "VI. The trial court erred to the prejudice of the appellant when it permitted the introduction of the hearsay testimony of Patti Linger."
 {¶ 10} "VII. Appellant was denied due process and a fair trial when the state introduced as evidence, a letter written by the complaining witness that the state then had the complaining witness read to the jury over the objection of appellant's trial counsel."
 {¶ 11} "VIII. Appellant was denied due process and a fair trial when the state's expert witness testified that the complaining witness was "a victim of this act."
 {¶ 12} "IX. The appellant was denied due process and a fair trial as the errors committed by the trial court, the prosecutor, and appellant's trial counsel combined to deny appellant a fair trial."
 {¶ 13} "X. The trial court erred in adjudicating appellant a sexual predator."
 I., II., VII., VIII., IX. {¶ 14} We must necessarily address the first, second, seventh, eighth and ninth Assignments of Error together in that the first asserts prosecutorial misconduct and the second and seventh involve, at least, the failure to object by appellant's trial counsel.
 {¶ 15} The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990),51 Ohio St.3d 160, cert. denied 112 L.Ed.2d 596; State v. Smith (1984),14 Ohio St.3d 13.
 {¶ 16} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 17} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 18} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 19} We must also consider whether counsel's decision not to object was clearly a matter of trial strategy and, if so, cannot be regarded as ineffective assistance of counsel. See: State v. Coleman
(1989), 45 Ohio St.3d 298, 308.
 {¶ 20} We agree with appellant that State v. Kelly (1994),93 Ohio App.3d 257 requires this Court to examine the entire trial in reviewing the assertion of prosecutorial misconduct and if it occurred did it substantially affect the rights of the appellant to the extent that the outcome of the trial might have been different.
 {¶ 21} In examining the trial we shall proceed in reverse in following appellant's Assignment of Error direction in that the closing argument of the State is first addressed.
 {¶ 22} We disagree with appellant that no testimony supported Dana Dominick's references to appellant`s actions as to the location of the touching. She testified as follows:
 {¶ 23} "You were upstairs sleeping and he was rubbing my back and stuff, then he started rubbing my chest. I didn't say anything to him. He kept doing it.
 {¶ 24} "Eventually he started touching me in places I didn't like, down there. I said stop and he said stuff like he was unaware of what he was doing." (T. at p. 307).
 {¶ 25} While the prosecutor spoke of appellant rubbing her breasts and continued his hands to her vagina, which differs in semantics from the actual words spoken by Ms. Dominick, the question is one for the jury as to whether the testimony corresponds to the prosecutor's statements, not that no testimony was given as to such conduct, and also whether she expanded on Dr. Millsap-Linger's testimony as to the location of the touching.
 {¶ 26} The other references to the prosecutor's closing comments are worthy of more serious consideration.
 {¶ 27} The prosecutor stated:
 {¶ 28} "You heard no theory of the case in opening statement from defense counsel. Not one. Not one.
 {¶ 29} "Search your collective memories and see if you can remember one. No. They didn't have a theory, Ladies and Gentlemen. Here is a problem." (T. at p 357, Vol II). This not only violated appellant's fifth amendment right to remain silent but transferred the burden of proof in that it indicated that appellant must prove his innocence by a theory. State v. Thompson (1987), 33 Ohio St.3d 1.
 {¶ 30} To this statement an objection was raised.
 {¶ 31} On page 358 of the same transcript it was stated:
 {¶ 32} "Ladies and Gentlemen, Dana Dominick wrote this letter, this letter on March 30 of 2001; and you know that because she dated it. You know that's when the letter was written."
 {¶ 33} This statement referred to the letter Ms. Dominick stated that she wrote to her mother and which she had been permitted to read to the jury even though it was not written contemporaneously with the event it concerned. Appellant's counsel objected to the reading of the letter but not to its being provided to the jury for its review. (T. at p. 162). It is often said that an exhibit is more powerful than testimony as it continues to speak to the jury. For this reason we find that trial counsel's non-objection to the exhibit fell below acceptable possible defense strategy and sustain the second Assignment of Error.
 {¶ 34} Introduction of such letter and the reading thereof violated Evid. R. 801(D)(1) and would not be admissible as a recorded recollection under Evid.R. 803(5).
 {¶ 35} "(D) Statements which are not hearsay. A statement is not hearsay if:
 {¶ 36} "(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (a) inconsistent with his testimony, and was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (c) one of identification of a person soon after perceiving him, if the circumstances demonstrate the reliability of the prior identification."
 {¶ 37} The witness was fully capable of testifying, as she did, to the acts of appellant and could easily have testified as to informing her mother by letter and why this mode of communication was used without reinforcing such testimony by hearsay.
 {¶ 38} Again, further comments of the prosecutor appear at page 360 in Vol. II of the transcript:
 {¶ 39} " they are making this up as they go along."
 {¶ 40} An objection was raised.
 {¶ 41} Page 361:
 {¶ 42} "They are going along and seeing if there isn't anything that they can develop, Ladies and Gentlemen, because Dana Dominick is telling the truth.
 {¶ 43} "She is telling the truth. There is no other explanation for this. Nothing that they tried to develop through cross-examination has any teeth.
 {¶ 44} "I want you to pay careful, I am asking you to pay careful attention to the letter. You read it on the screen. You heard her read it. You heard Doctor Linger talk about it.
 {¶ 45} "Ladies and Gentlemen, pay careful attention to that letter."
 {¶ 46} It is improper for a prosecutor to inject her belief as to the credibility of a witness or as to the guilt of the accused. State v.Smith (1984), 14 Ohio St.3d 13.
 {¶ 47} And on page 362 without objection:
 {¶ 48} "Excerpts from the letter, you hear the hesitancy in her voice. The first thing, she starts out explaining, I know I have never wrote this before, I know I have never done anything like this before but I have got to tell you something, I have really tried, I can't tell you face to face and she says I need to tell somebody, okay, here it goes; and then she begins.
 {¶ 49} "So you hear that hesitancy, Ladies and Gentlemen, you hear the fear in her voice, please believe me, mom, I'm not lying, I wouldn't lie about something like this, I swear,. Please don't be mad at me, I'm sorry, I'm worried about her, mom, I'm really worried about her. I don't want to go through — want her to go through what I went through.
 {¶ 50} "Ladies and Gentlemen, you hear the guilt. You hear the guilt in that letter of this child when she says I hope it's not too late to help Briana, again I'm sorry, I hope it's not too late.
 {¶ 51} "You also heard the resignation in her voice when she said in the letter, "
 {¶ 52} We must discount Doctor Millsap-Linger's statement, to which an objection was raised, that Ms. Dominick was a victim (T. at p. 314-315), as defense counsel waived such objection by exploring this same opinion on cross-examination. (T. at p. 330).
 {¶ 53} A further improper comment by the prosecutor as to Dr. Millsap-Linger being an expert in ferreting out false allegations (T. at p. 372) is also of concern.
 {¶ 54} Ultimately, we must conclude that the most serious misconduct of the prosecutor occurred in shifting the burden of proof to appellant by the comments as to appellant lacking a theory of the case and by attempting to invade the province of the jury as to opinions of the credibility of the witnesses.
 {¶ 55} In viewing the trial as a whole we must conclude that such comments deviated from harmless error into the realm of plain error (Crim.R. 52(B)) as, in their entire scope, they affected substantial rights of the appellant which resulted in a reasonable probability as to the affecting the jury's conclusion.
 {¶ 56} We therefore conclude that the fairness of the trial, to which appellant was entitled, was tainted. The first, seventh, eighth and ninth Assignments of Error are sustained.
 {¶ 57} We find that therefore it is unnecessary to rule on the third and fourth Assignments of Error nor the Fifth, even though appellate counsel for the State has conceded that hearsay testimony was admitted.
 {¶ 58} The sixth Assignment of Error also does not require additional consideration due to our rulings stated heretofore.
 {¶ 59} As to the tenth Assignment of Error, we hereby vacate such determination as the same was predicated on the jury's acceptance of appellant's guilt as to the conduct alleged in the indictment.
 {¶ 60} We make no finding as to whether the determination of appellant's sexual classification was appropriate or procedurally correct nor whether it would be correct if guilt were found in a subsequent trial.
 {¶ 61} The verdict of the jury is vacated and this cause reversed and remanded for further proceedings in accordance herewith.
By: Boggins, J., Gwin, P.J and Wise, J. concur.