OPINION *Page 2 
{¶ 1} Appellant Robert Lewis Abner II, aka Rico Abner, appeals his conviction, in the Stark County Court of Common Pleas, for gross sexual imposition. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant formerly lived with Angela Hamilton, the mother of two minor children, one of whom was the five-year-old female victim in this case. On August 8, 2005, Hamilton told police that the victim had indicated appellant had engaged in sexual contact with her on three occasions. The Stark County Department of Job and Family Services ("SCDJFS") thereupon commenced an abuse investigation.
 {¶ 3} On February 27, 2006, appellant was indicted on one count of gross sexual imposition, R.C. 2907.05(A)(4), a felony of the third degree. The matter proceeded to a jury trial on May 22, 2006. During the State's case, SCDJFS caseworker Holly Steinbach testified as to a statement the victim made about appellant touching her. However, the trial court granted the State's motion in limine to exclude questioning about allegations the victim had made about a friend of appellant. The State later called Cassie Hornbeck, Ph.D., a psychologist at Northeast Ohio Behavioral Services. Hornbeck was permitted to testify as to the victim's statements to her about appellant. Furthermore, Donna Abbott, a nurse practitioner at Akron Children's Hospital, testified *Page 3 
to her "diagnostic impression" that the child victim's "history was concerning for sexual abuse." Tr. at 173.
 {¶ 4} The jury found appellant guilty of gross sexual imposition as charged in the indictment. On May 26, 2006, appellant was sentenced to three years in prison and classified as a sexually-oriented offender.
 {¶ 5} On June 23, 2006, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY THAT DID NOT COMPLY WITH EVIDENCE RULE 807 AND/OR EVIDENCE RULE 803(4).
 {¶ 7} "II. THE TRIAL COURT ERRED IN NOT ALLOWING APPELLANT'S COUNSEL TO QUESTION STATES (SIC) WITNESS REGARDING OTHER ALLEGATIONS MADE BY ALLEGED VICTIM."
 I. {¶ 8} In his First Assignment of Error, appellant contends the trial court erroneously allowed certain hearsay testimony in violation of Evid.R. 807 and Evid.R. 803(4). We disagree.
 {¶ 9} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The admission or exclusion of evidence rests in the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the *Page 4 
trial court acted unreasonably, arbitrarily or unconscionably. State v.Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 10} The trial testimony at issue pertains to the following two witnesses who restated information given to them by the child victim in this case: Psychologist Cassie Hornbeck, Ph.D., and SCDJFS caseworker Holly Steinbach.
 Testimony of Cassie Hornbeck, Ph.D. {¶ 11} The State, in response to appellant's assigned evidentiary errors, maintains that Evid.R. 803(4) permits the testimony of Dr. Hornbeck regarding the child's statements.[1] Evid.R. 803(4) excepts from the hearsay rule "[statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." The spirit and purpose of Evid.R. 803(4) are complied with when a clinical psychologist is allowed to testify about statements a child victim of crime makes during the course of psychological treatment. State v. Lugli (Aug. 30, 1996), Erie App. No. E-95-025, quoting State v. Ulis (1993), 91 Ohio App.3d 656, 663.
 {¶ 12} Dr. Hornbeck met with the victim on four occasions for assessment purposes in August and September 2005. Tr. at 119. SCDJFS requested the assessment to determine if the victim required treatment for any emotional disorders *Page 5 
and to further address the alleged sexual victimization. During the interviews, the victim described how "Rico" asked her to go into his bedroom, where he pulled down her pants and underwear and showed her his "pee-pee". Using anatomical dolls, she demonstrated to Dr. Hornbeck how "Rico" touched her "pee-pee" with his "pee-pee." Tr. at 128-129. The victim recounted to Dr. Hornbeck that it felt very bad, and that "Rico" would wiggle when he was on top of her. Id. The victim described these actions as occurring three times. Id. Dr. Hornbeck maintained that she always utilized open-ended questions with the victim to avoid "coaching" concerns. Tr. at 126.
 {¶ 13} Appellant, while recognizing Evid.R. 803(4), first contends the hearsay exception does not allow for identification of an alleged perpetrator. We note some Ohio appellate courts have recognized that a victim's statements to medical personnel identifying who caused the injuries are generally not properly admitted as statements made in the furtherance of medical treatment or diagnosis within the meaning of Evid.R. 803(4). See, e.g., State v. Henderson (Aug. 20, 1999), Trumbull App. Nos. 98-T-0039, 98-T-0040, 98-T-0041. However, in State v.Dever (1992), 64 Ohio St.3d 401, at paragraph two of the syllabus, the Ohio Supreme Court held: "Statements made by a child during a medical examination identifying the perpetrator of sexual abuse, if made for purpose of diagnosis and treatment, are admissible pursuant to Evid.R. 803(4), when such statements are made for the purposes enumerated in that rule." Upon review of the record in this matter, we are unpersuaded the trial court abused its discretion in allowing Dr. Hornbeck to recount the victim's identification of appellant as the perpetrator. *Page 6 
 {¶ 14} Appellant secondly argues that the trial court should have conducted its own voir dire interview with the child victim to determine if her statements were improperly influenced.
 {¶ 15} The Ohio Supreme Court's opinion in Dever, supra, at 410, also states: "The trial court should consider the circumstances surrounding the making of the hearsay statement. If the trial court finds in voir dire that the child's statements were inappropriately influenced by another, then those statements would not have been made for the purpose of diagnosis or treatment. This inquiry will vary, depending on the facts of each case."
 {¶ 16} In State v. Kelly (1994), 93 Ohio App.3d 257, we addressed a similar scenario and concluded the issues of victim motivation and statement trustworthiness had been properly addressed at the trial court level because the child victims had testified prior to the treating physician and social worker, and were thus subject to cross-examination and confrontation. We held: "This case is clearly distinguishable from the Boston[2] and Dever cases were [sic] there was no prior cross-examination of the victims. Clearly, the right of confrontation was not violated by the trial court's technical error in not conducting a Dever voir dire." Id. at 264.
 {¶ 17} In the case sub judice, the victim and Dr. Hornbeck both testified at trial and were available for cross-examination. Upon review, we find no abuse of discretion in the lack of a voir dire court examination of the child victim.
 Testimony of Caseworker Holly Steinbach *Page 7 {¶ 18} Appellant also contends the court erred in allowing Ms. Steinbach's testimony regarding the victim's statement to her mother that appellant had "touched" her on three occasions. Tr. at 150. The State asserts in response that the testimony of caseworker Steinbach was limited to her reasons for conducting an investigation; hence, those statements were not offered to prove the truth of the matter asserted.
 {¶ 19} The Ohio Supreme Court has recognized that if a statement is not offered for the truth of the matter asserted, it is not prohibited by the hearsay rule and will be admissible, subject to the standards governing relevancy and undue prejudice. State v. LaMar,95 Ohio St.3d 181, 196, 767 N.E.2d 166, 2002-Ohio-2128, citing State v. Maurer (1984),15 Ohio St.3d 239, 262-263, 473 N.E.2d 768. Thus "`testimony which explains the actions of a witness to whom a statement was directed, such as to explain the witness' activities, is not hearsay.'" Id., quotingMaurer at 262.
 {¶ 20} We are cognizant that no physical evidence was presented in this case and the child victim did not reiterate her accusations against appellant while on the stand. However, based on the totality of the evidence, particularly the testimony of Dr. Hornbeck and Nurse Practitioner Donna Abbott, R.N., we are unpersuaded that appellant suffered undue prejudice due to Steinbach's single statement given as part of her introductory questioning regarding her participation in the case.
 {¶ 21} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 22} In his Second Assignment of Error, appellant argues the trial court erred in disallowing defense questioning regarding accusations the victim allegedly had made against another individual. We disagree. *Page 8 
 {¶ 23} R.C. 2907.05(D) states in pertinent part: "Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."
 {¶ 24} In the case sub judice, the State filed a motion in limine seeking to exclude any testimony regarding an alleged separate sexual incident involving the victim. At the beginning of the trial, the court conducted voir dire questioning of caseworker Steinbach outside the presence of the jury. Steinbach testified that the victim told her toward the end of an interview on August 11, 2005 that one of appellant's friends "that picks him up in the black car" had also touched her. Tr. at 8-9. This incident or incidents had happened in the mother's bedroom during the daytime, "when mom was not home." Tr. at 9, 15. Steinbach's additional investigation regarding this friend of appellant revealed it may have been an individual nicknamed "Nicco," but further information was not obtained during subsequent evaluations of the child victim. Tr. at 12.
 {¶ 25} Upon review of the granting of the motion in limine in favor of the State, in light of the record before us, we are unpersuaded the trial court abused its discretion in reaching its decision that the evidence would be "confusing, misleading, and prejudicial" (Tr. at 18) pursuant to R.C. 2907.05(D). Oman, supra.
 {¶ 26} Appellant's Second Assignment of Error is therefore overruled. *Page 9 
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Delaney, J., concurs.
Hoffman, P. J., concurs separately.
[1] The State, in its response brief, suggests the potential application of four hearsay exceptions in a child-victim case such as the matter sub judice: Excited utterance under Evid.R. 803(2); child statements in abuse cases under Evid.R. 807; consistent statements to rebut an express or implied charge of recent fabrication under Evid.R. 801(D)(1)(b); and statements for purposes of medical diagnosis or treatment under Evid.R. 803(4). Of these, the State concedes that only Evid.R. 803(4) would apply under the particular facts and circumstances of the case sub judice.
[2] See State v. Boston (1989), 46 Ohio St.3d 108,545 N.E.2d 1220.