Defendant Christopher Noble has appealed from his convictions and respective sentences in the Lorain County Court of Common Pleas. This Court affirms.
 I.
On August 8, 1996, Detective Mark Carpentiere began an investigation into the sexual abuse of a six-year-old child, Jennifer. After his conversation with Jennifer, Det. Carpentiere sought out and interviewed Defendant, her step-father. Four days later, on August 12, Jennifer was taken to the Cleveland Clinic where she was examined by Marsha Thompson, a nurse practitioner. Ms. Thompson's examination disclosed that the opening to Jennifer's vagina had been stretched and was approximately twice the width of a child her age and development. These findings, among others, were consistent with sexual abuse. Jennifer also underwent psychological treatment with Dr. Jane Coleman.
Defendant was subsequently indicted and charged with one count of rape, a violation of R.C. 2907.02, and with one count of gross sexual imposition, a violation of R.C. 2907.05. After a jury trial, Defendant was found guilty on both counts. On March 16, 1998, the trial court sentenced Defendant to prison terms of eight years on the charge of rape and two years on the charge of gross sexual imposition. Defendant was also classified a sexual predator. Defendant has timely appealed, asserting four assignments of error.
 II. FIRST ASSIGNMENT OF ERROR The trial court erred as a matter of law by not allowing into evidence the testimony of Tammy Carver pursuant to [Evid.R.] 613(B) as extrinsic evidence for impeachment purposes.
 SECOND ASSIGNMENT OF ERROR The trial court's disallowance of testimony pursuant to [Evid.R.] 613(B) was not harmless error.[1]
 For his first and second assignments of error, Defendant has essentially argued that Tammy Carver's[2] testimony was improperly excluded because, although it was hearsay, it was admissible. Specifically, he has argued that it was extrinsic evidence of a prior inconsistent statement that was admissible for impeachment purposes under Evid.R. 613(B). In short, Defendant has contended that the trial court improperly prevented Tammy Carver from telling the jury that Jennifer had confessed to lying about the sexual abuse.
At common law, extrinsic evidence of a prior inconsistent statement of a witness was not admissible if the witness admitted making the prior inconsistent statement. State v. Brown (Jan. 11, 1995), Lorain App. No. 93CA005747, unreported, at 3, quoting Statev. Johnson (1983), 10 Ohio App.3d 14, 17. See, also, Babbitt v.Say (1929), 120 Ohio St. 177, paragraph two of the syllabus andBurt v. Ohio (1872), 23 Ohio St. 394, 403. The Rules of Evidence did not "modify this common law principle so as to render it an abuse of discretion to exclude the extrinsic evidence under such circumstances." Johnson, 10 Ohio App.3d at 17. Indeed, this Court has previously held that if a witness admits to having made the inconsistent prior statement the trial court does not abuse its discretion by excluding additional extrinsic evidence of such statements. Brown, at 3.
In this instance, Jennifer, while of a tender age and under pressure from Defendant's trial counsel, did in fact admit to having told her aunt Tammy that she had lied. Because Jennifer admitted having made such statements while on the witness stand, regardless of whether she recanted them once more, this Court cannot conclude that the trial court's exclusion of Tammy Carver's testimony constituted an abuse of discretion. Defendant's first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR [Defendant] was denied his right to effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States and Article 1 Section 10 of the Ohio Constitution by [trial] counsel's numerous failures to inspect witness statements and records and as such, [trial] counsel's representation failed to meet an objective standard of reasonable representation which prejudiced the rights of [Defendant].
 A defendant is denied effective assistance of counsel when his attorney's performance falls below an objective standard of reasonable representation and the defendant is prejudiced as a result. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011, 111 L.Ed.2d 768. To show prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Moreover, the Ohio Supreme Court has also concluded that a presumption that a properly licensed attorney executes his legal duty in an ethical and competent manner must be applied to any claim of ineffective assistance of counsel. State v. Smith (1985), 17 Ohio St.3d 98, 100, citing Strickland v. Washington (1984), 466 U.S. 668, 689, 80 L.Ed.2d 674, 694-695.
Defendant has argued that he was prejudiced by his trial counsel's failure to: (1) request an in camera inspection of Det. Carpentiere's police report for prior inconsistent statements by Jennifer that may or may not have been taken; (2) request an incamera inspection of the written or recorded statements of Jennifer to Det. Carpentiere; (3) request an in camera inspection of Dr. Jane Coleman's office records after her direct exam; (4) request Children's Services records; and, (5) develop reasonable doubt by asking Ms. Thompson, the nurse practitioner who examined Jennifer, whether the insertion of a vibrator or similar object into Jennifer's vagina could have caused findings consistent with those of a sexually abused child. In advancing these arguments, however, Defendant has failed to meet his burden under Bradley and has not shown to a reasonable probability that the result of the trial would have been different.
Defendant's first and second arguments must fail because he has not demonstrated that such records even exist. Moreover, the information that Defendant has suggested would be found in these records would have been cumulative, and thus properly excluded. Such circumstances do not support Defendant's contention that the result of the trial would have been different.
Defendant's claim that trial counsel failed to request an incamera inspection of Dr. Coleman's and Children Services' records would also appear to beget no change in the result. Defendant has not offered this Court anything more than pure speculation as to what the contents of Dr. Coleman's records were. Conjecture and possibility are certainly not grounds for reversal. Without more, it is impossible to say that there exists a reasonable probability that the result of the trial would have been different. Jeff Squires, from Children Services, testified that in his initial meeting with Jennifer in May 1996, she did not disclose any sexual abuse to him. She did, however, disclose to him such abuse in August 1996. Defendant has not demonstrated that the Children Services records would have served any other purpose than to confirm Mr. Squires' testimony. As such, Defendant was not prejudiced and the end result would not have changed.
Finally, Defendant has claimed that trial counsel should have asked Ms. Thompson whether the insertion of a vibrator or similar object into Jennifer's vagina could have caused findings consistent with those of a sexually abused child and that trial counsel's failure to do so constitutes ineffective counsel. This claim is also meritless. After reviewing the record, it appears that trial counsel did in fact ask Ms. Thompson whether there are "other ways for a hymen to be damaged." Moreover, evidence regarding Jennifer's alleged use of a vibrator was unknown to trial counsel at the time of Ms. Thompson's testimony. Considering these two facts together, this Court concludes that Defendant has failed to demonstrate that trial counsel was ineffective and that the result of the trial would have been different had trial counsel posed such a question.
Each of Defendant's five arguments regarding ineffective assistance of counsel are without merit. Defendant has not demonstrated that there exists a reasonable probability that the result of the trial would have been different, absent trial counsel's alleged inadequacy. Accordingly, his third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR The trial court erred in permitting the testimony of Dr. Jane Coleman with regard to the purported statements of the alleged child victim for the reason that no determination was ever made as to the circumstances surrounding the statements and/or the reliability of the statements.
 At trial, Dr. Jane Coleman, a psychologist, testified regarding several statements made by Jennifer during the course of her treatment. The trial court admitted these statements pursuant to Evid.R. 803(4). Taking the analysis one step further, Defendant has argued that because of Jennifer's tender age, the trial court committed reversible error by not first conducting a hearing pursuant to State v. Dever (1992), 64 Ohio St.3d 401, certiorari denied (1993), 507 U.S. 919, 122 L.Ed.2d 672 and State v. Burnette (1998), 125 Ohio App.3d 278, to determine whether the statements made by Jennifer to Dr. Coleman were reliable and not improperly influenced.
In Dever, the Ohio Supreme Court examined Evid.R. 803(4) and its applicability to its admission of statements made by a child for the purpose of medical diagnosis or treatment. The court held as follows at paragraphs one and two of the syllabus:
 1. A trial court does not abuse its discretion when it admits a child declarant's statements made for the purpose of medical diagnosis or treatment pursuant to Evid.R. 803(4), without first establishing the child declarant's unavailability to testify.
 2. Statements made by a child during a medical examination identifying the perpetrator of sexual abuse, if made for purpose of diagnosis and treatment, are admissible pursuant to Evid.R. 803(4), when such statements are made for the purposes enumerated in that rule.
 In Burnette, this Court held that "[t]he main safeguard for hearsay statements admitted under Evid.R. 803(4) is that in going to a doctor, the declarant was likely motivated to seek medical diagnosis and treatment and, consequently, motivated to tell the truth to that doctor." Burnette, 125 Ohio App.3d at 291, citing Dever, 64 Ohio St.3d at 409-411. Everyday experience dictates nonetheless that "[w]ith young children, that initial motivational component tends to be weak or absent because they are usually taken to a doctor by an adult rather than via their own motivation to seek medical help, and they may not have the same appreciation as an adult would have of the value of being truthful with medical professionals." Burnette, 125 Ohio App.3d at 291. Nevertheless, once a child is at the doctor's office, "the probability of understanding the significance of the visit is heightened and the motivation for diagnosis and treatment will normally be present." Devers, 64 Ohio St.3d at 410. As such, a trial court is to voir dire the child in order to determine whether his or her statements were truly made for the purposes of diagnosis and treatment or whether such statements were inappropriately influenced. If a trial court finds the former to be true, the statements are sufficiently trustworthy and can be appropriately admitted pursuant to Evid.R. 803(4). Burnette, 125 Ohio App.3d at 292.
Defendant has essentially argued that Dever and Burnette
require that a voir dire hearing be conducted prior to the admission of statements made by a child to determine whether the statements were inappropriately influenced by another and, thus, not made for the purpose of diagnosis or treatment. Nevertheless, Defendant did not request such a hearing.
"Generally, an appellate court will not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected[.]" State v. Peagler (1996), 76 Ohio St.3d 496,499. As such, Defendant has waived this issue on appeal unless he can demonstrate plain error. See State v. Childers (Dec. 19, 1996), Franklin App. No. 96APA05-640, unreported, 1996 Ohio App. LEXIS 5761, at *21. "Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
In this instance, the record is devoid of any evidence that would indicate Jennifer had any motivation other than diagnosis and treatment at the time she spoke to Dr. Coleman. Dr. Coleman's and Jennifer's statements were consistent. Moreover, Dr. Coleman and Jennifer were both available for and subjected to cross-examination. Had any improper influences or motivations been at work when Jennifer spoke to Dr. Coleman, Defendant could have ferreted out such evidence during his questioning. See Statev. Kelly (1994), 93 Ohio App.3d 257, 264 (holding that the failure to conduct a Dever hearing was not reversible error if the medical professional and child are available for cross-examination). In the end, Defendant has not pointed to any evidence that would impugn the statements' reliability. Since there is insufficient reason to doubt that Jennifer's statements were made for purposes of medical diagnosis or treatment and no manifest miscarriage of justice has been suggested, the trial court did not commit plain error in finding that them admissible pursuant to Evid.R. 803(4). See Childers, supra, at *22-23. Defendant's fourth assignment of error is overruled.
 III.
Defendant's four assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE FOR THE COURT
SLABY, P.J. and CARR, J. CONCUR
[1] Defendant's first and second assignments of error are interrelated and will be addressed together.
[2] Tammy Carver is Jennifer's aunt.