OPINION
Appellant, James Namoske, is the father of Holly Namoske, born March 21, 1991, and Destiny Namoske, born April 25, 1996. Mother of Holly is Juanita Capps and mother of Destiny is Rachel Hickman. Appellant is married to Debra Namoske who has two children, Eric and Shawn Moore, born November 14, 1985 and August 22, 1990, respectively. Father of the Moore children is David Moore. Appellant resided with Debra, Eric, Shawn and Holly. Destiny shared time with both her parents.
On May 14, 2001, appellee, the Stark County Department of Jobs and Family Services, filed a complaint alleging Shawn Moore to be a dependent, neglected and abused child, and Eric Moore to be a dependent child (Case No. JU-117322). On the same day, appellee filed a complaint alleging Destiny Namoske to be a dependent, neglected and abused child (Case No. JU-117336). Also filed was a complaint alleging Holly Namoske to be a dependent child (Case No. JU-117321). This case was dismissed for lack of service and was subsequently refiled (Case No. JU-118411). The complaints of Shawn and Destiny involved allegations of sexual abuse by appellant. The complaints of Eric and Holly were filed because they were siblings of and resided with the alleged abused children.
An adjudicatory hearing commenced on July 9, 2001. The trial court found Destiny to be an abused child and both Shawn and Eric to be dependent children. By judgment entry filed July 26, 2001, the trial court placed Destiny into the temporary legal custody of her mother subject to protective supervision and placed Shawn and Eric into appellee's temporary custody. By judgment entries filed October 30, 2001, the trial court found Holly to be a dependent child and placed her into appellee's temporary custody.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED WHEN IT PERMITTED HEARSAY TESTIMONY CONCERNING THE CHILDREN'S ALLEGATIONS IN VIOLATION OF THE RULES OF EVIDENCE.
 I
Appellant claims the trial court erred in permitting hearsay testimony concerning the children's statements of sexual abuse. We disagree.
The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Specifically, appellant complains of the testimony of a psychologist, Robin Tener, Ph.D. Appellant argues the testimony of Dr. Tener is contra to Evid.R. 803(4) and was a blatant attempt to circumvent Evid.R. 807 and the dictates of State v. Boston (1989), 46 Ohio St.3d 108, and State v.Dever (1992), 64 Ohio St.3d 401.
Procedurally, the course of this case is troubling because Destiny had been found to be competent to testify. T. at 8-9. Appellee chose not to put the children on the stand, but let the children's statements come in through Dr. Tener's testimony. Appellee argues the medical diagnosis treatment exception to the hearsay rule [Evid.R. 803(4)] permits such testimony:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
* * *
 Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
In Justice Douglas's analysis in Boston, supra, at 127, of the hearsay conundrum in child sex abuse cases, he discussed the requirements of an Evid.R. 803(4) exception as follows:
 D) Where a child is either available or unavailable and the child declarant's out-of-court statements meet the rationale and policy of a firmly rooted exception to the hearsay rule, such as Evid.R. 803(4), and it is demonstrated that a good-faith effort has been made to produce the non-testifying declarant, the out-of-court statements are admissible through a third person. The statements, however, must have an `indicia of reliability' and factors such as the age of the child, the presence of corroborative physical evidence, the relationship of the victim to the accused, the child's relationship to the persons to whom the statements are made, and the terminology used by the child are to be used in determining reliability.
In Dever, supra, at 410-411 and 412, the Supreme Court of Ohio softened the Boston approach to Evid.R. 803(4) and suggested that the trial court in voir dire determine if the child's statements were inappropriately influenced by another:
 This inquiry will vary, depending on the facts of each case. For example, the trial court may consider whether the child's statement was in response to a suggestive or leading question (as was the case in Idaho v. Wright), and any other factor which would affect the reliability of the statements (such as the bitter custody battle in State v. Boston). If no such factors exist, then the evidence should be admitted. The credibility of the statements would then be for the jury to evaluate in its role as factfinder. In addition, the witness whose testimony brings in the child's hearsay statement can be cross-examined about the circumstances surrounding the making of the statement. But if the trial court discerns the existence of sufficient factors indicating that the child's statements were not made for the purpose of diagnosis or treatment, the statements must be excluded as not falling within Evid.R. 803(4).
* * *
 `While in cases involving adults a cognitive connection between speaking the truth to physicians and receiving proper medical care may seem obvious, further analysis of the circumstances surrounding the examination of a child is necessary to determine whether the child understood the need to be truthful to the physician.' People v. Meeboer, supra, 439 Mich. at 322-323, 484 N.W.2d at 626. We agree with this reasoning, but stress that our holding in this case requiring this specific examination of the circumstances applies only to Evid.R. 803(4) and only to declarants of tender years.
 We therefore hold that a trial court does not abuse its discretion when it admits a child declarant's statements made for the purpose of medical diagnosis or treatment pursuant to Evid.R. 803(4), without first establishing the child declarant's unavailability to testify. Once the statements are admitted, their credibility is a matter to be evaluated by the factfinder.
The genesis of Evid.R. 807 was the Boston, Dever, et seq. succession of cases. No Evid.R. 807 notification or hearing was held sub judice,
therefore, we must revert back to the Dever standard.
An analysis of Dr. Tener's testimony reveals that she classifies herself as a forensic psychologist, and views the assessment process of a child in a child abuse evaluation as a detective in an intangible crime scene attempting to gather evidence. T. at 46-47. Dr. Tener received a referral to evaluate the children from appellee and Destiny's mother, Ms. Hickman. T. at 12-13. The first contact with the children was through an intake procedure i.e., identify the doctor, determination of language development and making the children comfortable with the office. T. at 13-14. Dr. Tener testified that Destiny "was very hesitant to really say very much to me when we first were introduced." T. at 16. In subsequent meetings, facts emerged concerning the nature of the abuse, times of occurrence and the child's reactions to the abuse. T. at 19-21. During Dr. Tener's assessment of the other three children, she found their statements to coincide with Destiny's statements about the timing and location of the incidents of abuse. T. at 34, 38-39. Dr. Tener's testimony set forth appellant as the sexual abuser and was the only testimony offered as to the sexual abuse of Destiny or any of the other children.
Approximately two years prior to this involvement, Destiny's mother had made allegations of sexual abuse during a custody dispute. T. at 21. After assessment, the allegations were rejected as unfounded. T. at 21-23. On the issue of trustworthiness vis-a-vis the prior allegations, Dr. Tener felt that the so called "warning bells" did not presently exist to suggest fabrication. T. at 70. Although this testimony is not a clear Boston violation, it comes dangerously close to vouching for the child's truthfulness which, under Dever, is within the purview of the trial court. It is also important to note that the assessment process was not yet complete as only two interviews with each child had occurred before the temporary custody hearing. T. at 71-72. We are unable to judge whether continued counseling was to be attempted by Dr. Tener.
There are many faceted issues involved in the admissibility of Dr. Tener's testimony. First, appellant argues no reliability voir dire
pursuant to Dever was conducted by the trial court. We do not find this to be fatal to the case. As we stated in State v. Kelly (1994),93 Ohio App.3d 257, a trial court may conduct a voir dire assessment at the time of the testimony. In this case, the trial court was also the trier of facts and as a result, we find it can review the testimony with two questions in mind: trustworthiness under Dever and credibility of the witness.
Secondly, it is necessary to determine whether an assessment was in fact done for the purpose of medical diagnosis and treatment. We do not find because Dr. Tener labels herself as a forensic psychologist, that the interviews were crime fact-finding missions alone. It is clear from Dr. Tener's testimony that she was interviewing these children in order to determine if they were sexually abused and to establish a treatment recommendation.
Thirdly, Dr. Tener's conclusion that Destiny was sexually abused is based on Destiny's statements and the collaborating statements as to certain circumstances of the other three children. These collaborating facts are also hearsay; however, they were given in the course of medical treatment and evaluation. There are no independent collaborating facts of the sexual abuse in this record.[1] This would have been corrected if appellee had followed Evid.R. 807.
As stated supra, procedurally the method of presentation gives us cause for concern.[2] However, we find under the abuse of discretion standard that the trial court did not err in permitting Dr. Tener's testimony for the following reasons. As the trier of fact and law, an independent Dever hearing was not necessary. Dr. Tener's testimony was for assessment purposes and it would not be an abuse of discretion to classify it as diagnosis and treatment. In a psychological evaluation, assessment is parallel to treatment. The issue of trustworthiness of the child declarant (Destiny) can be judged by the circumstances of the case. Present in the record is the collaborating medical diagnosis testimony of the other children and appellant's statements and his explanations for the touchings.
Based upon the totality of the record, we deny appellant's sole assignment of error.
The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division, is hereby affirmed.
By FARMER, J. and GWIN, J. concur. HOFFMAN, P.J. concurs separately.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.
[1] Appellant gave alternative explanations to the children's claims of sexual touching. He claimed he was merely cleaning Destiny due to rectal bleeding and vaginal infections, and he grabbed Shawn's genital area to see if he had wet the bed or was wearing a protective cup for sports. T. at 134.
[2] We do not condone appellee's avoidance of Evid.R. 807.