OPINION
{¶ 1} Appellant Dale A. Curren appeals from his conviction in the Court of Common Pleas, Morrow County, on one count of gross sexual imposition. The relevant facts leading to this appeal are as follows.
 {¶ 2} In early October 2001, the victim in this matter, an eleven-year-old male (hereinafter "child victim"), reported to his grandmother that appellant had rubbed the child victim's penis during an incident at appellant's residence about two months earlier. The grandmother reported the incident to children's services officials the next day. Appellant was thereafter interviewed by a social worker from the Delaware County Department of Human Services. On June 24, 2002, Detective Sergeant Paul Mills of the Morrow County Sheriff's Department met with appellant, who had come to said department to register as a sexually oriented offender. During the interview, appellant admitted to the aforesaid allegation, and was thereupon arrested.
 {¶ 3} Appellant was thereafter indicted by the Morrow County Grand Jury on one count of gross sexual imposition, R.C.2907.05(A)(4), a third degree felony. Appellant filed a motion to suppress the results of the police interview, which came on for hearing on February 10, 2003. After said hearing, the court denied the motion to suppress, and the matter proceeded to a jury trial commencing April 19, 2004.
 {¶ 4} The jury found appellant guilty as charged. On May 20, 2004, appellant was sentenced to five years in prison. He filed a notice of appeal on June 11, 2004, and herein raises the following three Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT'S DECISION NOT TO GRANT APPELLANT'S MOTION TO SUPPRESS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR THE TRIAL COURT FAILED TO APPLY THE CORRECT LAW TO THE FACTS AND/OR INCORRECTLY DECIDED THE ULTIMATE ISSUE.
 {¶ 6} "II. THE TRIAL COURT ERRED WHEN IT ALLOWED THE PRESENTATION OF A SO CALLED CONSISTENT STATEMENT BY A WITNESS THAT WAS CLEARLY HEARSAY.
 {¶ 7} "III. THE TRIAL COURT ERRED WHEN IT ALLOWED AN EXPERT OPINION ON THE VERACITY OF THE CHILD DECLARANT AND THE ALLEGED ABUSE."
 I. {¶ 8} In his First Assignment of Error, appellant argues the trial court erred in denying his motion to suppress. We disagree.
 {¶ 9} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra.
 {¶ 10} In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress.[1] Thus, in analyzing appellant's sole Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 11} In Miranda v. Arizona (1966), 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.694, the United States Supreme Court held that theFifth Amendment to the United States Constitution prevents the admission at trial of statements made by a defendant during custodial interrogation when the defendant has not been advised of certain rights. "Miranda was concerned with the inherent coercion of station-house interrogation. However, not all station-house interrogation triggers the Miranda warning requirement. It is the fact of custody, not its purpose, that is determinative." State v. Petitjean (2000), 140 Ohio App.3d 517,523, 748 N.E.2d 133. In applying Miranda, the ultimate inquiry is whether there is a "formal arrest or restraint on movement of the degree associated with a formal arrest." See State v.Warrell (1987), 41 Ohio App.3d 286, 287, 534 N.E.2d 1237, citingCalifornia v. Beheler (1983), 463 U.S. 1121, 1125,103 S.Ct. 3517, 77 L.Ed.2d 1275. In making this determination, the trial court must determine how a reasonable person in the suspect's position would have understood his position. Id., citingBerkemer v. McCarty (1984), 468 U.S. 420, 104 S.Ct. 3138,82 L.Ed.2d 317.
 {¶ 12} In the case sub judice, appellant appeared at the sheriff's department on June 24, 2002, for the purposes of registering as a sexually oriented offender. Detective Mills approached appellant in the lobby of the sheriff's department and indicated there were additional matters he wished to discuss. According to Mills, appellant stated he knew what the allegations were about. Appellant and Mills proceeded through a door, opened using a pass key, into a hallway which led to the sergeant's office. This first door was not locked for persons exiting the hallway into the lobby. Another door in the hallway, which was likewise not locked from the inside, led to the parking lot. Mills had appellant follow him into the sergeant's office, and closed the door but did not lock it.
 {¶ 13} Mills proceeded to tell appellant that he was not under arrest, and that the meeting was voluntary. Mills also had appellant sign a written Miranda waiver form, as was his standard practice in such situations. During the interview, which lasted about two to three hours, time was allotted for appellant to take a computer voice stress analysis ("CVSA") test. At one point, according to Mills, appellant merely requested if he could "reschedule this appointment for another time." Tr. at 24.[2] Mills responded that he would not make a new appointment, and that he wanted the matter cleared up that day. Appellant subsequently admitted to the gross sexual imposition allegations and was thereupon arrested.
 {¶ 14} Thus, having self-reported to law enforcement officials for registration purposes, appellant was interviewed in a unlocked, exit-accessible area of the sheriff's department, albeit secured from general public access from the lobby, was told at the outset he was not under arrest and was free to leave, and was given full Miranda warnings as a matter of practice by the detective. Under the totality of the circumstances in this matter, we conclude a reasonable person would not perceive himself or herself to be "in custody." Accord Petitjean, supra. Moreover, even if we were to find that the interrogation became custodial upon Detective Mills' mid-interview refusal to set up a later appointment for appellant, we otherwise find appellant's said request falls short of an "unambiguous or unequivocal" request for counsel and invocation of his right to remain silent. See State v. Murphy (2001), 91 Ohio St.3d 516, 520.
 {¶ 15} Accordingly, we hold the trial court did not err in denying the motion to suppress. Appellant's First Assignment of Error is overruled.
 II. {¶ 16} In his Second Assignment of Error, appellant challenges portions of the testimony of one of the State's witnesses, a clinical therapist, as impermissible hearsay.
 {¶ 17} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180, 510 N.E.2d 343. Our task is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027. As a general rule, all relevant evidence is admissible. Evid.R. 402. However, under Evid.R. 802, hearsay evidence is not admissible, "except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."
 {¶ 18} At trial, the prosecutor urged the court to allow testimony by Louann Harper, a clinical therapist, as to what the child victim confided to her during her counseling and treatment. The prosecutor argued this would allow a means of rehabilitating the child victim's testimony following defense counsel's lengthy cross-examination of the child. Tr. at 130. Pursuant to Evid.R. 801(D)(1)(b), a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive."
 {¶ 19} The gist of Harper's testimony is as follows:
 {¶ 20} "He said it was late. He thought it was dark. And he remembers getting kind of sleepy as he's watching TV, and then he described Mr. Curren coming over and sitting down on the couch kind of in the middle of the couch, and picking [the child victim's] legs up and putting his legs on top of his own. And then [the child victim] described remembering Dale's hands going inside his pants and rub — rubbing his penis. * * *
 {¶ 21} "He did say that his penis had gotten hard is the word [the child victim] used. It had gotten hard. And that he yelled at Dale to stop, and that he didn't stop. And [the child victim] said he tried looking at the television to not have to look at Dale. He tried to get him off of him by trying to either kick him or do something to physically stop that. And he described a couple of periods of time during that where it — like he felt like he was going to sleep. He didn't want to look at anything. And then he did say that he was masturbated, that he fondled his penis until he ejaculated, until, in [the child victim's] words, stuff had come out of his penis." Tr. at 149-150.
 {¶ 22} Upon review of the record, we find the trial court did not abuse its discretion in finding Harper's testimony to be within the parameters of Evid.R. 801(D)(1)(b). Furthermore, in light of the extensive testimony by the child victim, even if Harper's testimony were improper, we would find such alleged hearsay error would not affect appellant's substantial rights and would therefore constitute harmless error. See Crim.R. 52(A).
 {¶ 23} Appellant's Second Assignment of Error is overruled.
 III. {¶ 24} In his Third Assignment of Error, appellant argues the trial court improperly allowed expert opinion at trial as to the child victim's veracity. We disagree.
 {¶ 25} During the prosecution's case-in-chief, the State solicited the testimony of Craig Hill, a social worker for the Delaware County Department of Human Services, as to whether the sexual abuse was "substantiated." Tr. at 26-29. Over defense objection, Hill testified that his agency did substantiate sexual abuse. The State also elicited Hill's opinion on related subjects, such as the ability of children to recall details. Tr. at 29-33. Appellant contends these exchanges violated the holding of State v. Boston (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, wherein the Ohio Supreme Court held that "[a]n expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant." Id. at syllabus.
 {¶ 26} Appellant herein provides no authority that Hill's testimony concerning the substantiation of sexual abuse was the equivalent of an opinion as to the child victim's veracity, as analyzed in Boston. Cf. State v. Dixon, Richland App. No. 03 CA 75, 2004-Ohio-3940, ¶ 21. Moreover, as we recognized in Statev. Fuson (Aug. 11, 1998), Knox App. No. 97 CA 000023, the child victim in Boston could not and did not testify. Thus, "Boston
does not apply when the child victim actually testifies and is subjected to cross-examination" Fuson, citing State v. Kelly
(1994), 93 Ohio App.3d 257, 638 N.E.2d 153. In the case sub judice, the child victim testified at length. See Tr., April 19, 2004, at 39-124.
 {¶ 27} Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 28} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is affirmed.
Wise, J., Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant's assigned error seems to challenge the suppression denial on manifest weight and "appropriate test" grounds as well, but these arguments are not separately developed in his brief. See App.R. 16(A)(7).
[2] The parties do not dispute that for unknown reasons, the first of the five tapes of the police interview did not record correctly, and contained just very faint sounds of unidentifiable voices. Appellant's request was apparently on this botched tape. Appellant indicated at the suppression hearing that he specifically asked to speak with an attorney as part of his request. Tr. at 60. However, the trial court did not accept appellant's recollection, and we will not herein substitute our judgment therefor, as the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212.