OPINION *Page 2 
{¶ 1} On June 28, 2002, the Morrow County Grand Jury indicted appellant, Dale Curren, on one count of gross sexual imposition in violation of R.C. 2907.05. Said charge arose from an incident involving an eleven year old boy.
 {¶ 2} A jury trial commenced on April 19, 2004. The jury found appellant guilty as charged. By judgment entry filed May 20, 2004, the trial court sentenced appellant to five years in prison.
 {¶ 3} Appellant filed an appeal and this court affirmed appellant's conviction and sentence. State v. Curren, Morrow App. No. 04 CA 8,2005-Ohio-4315.
 {¶ 4} Appellant filed a motion to re-open his appeal and this court granted the motion. This matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "WHEN TRIAL COUNSEL FAILS TO RAISE A MERITORIOUS SPEEDY TRIAL ISSUE AND FAILS TO SEEK A WAIVER OF COURT COSTS AND ATTORNEY FEES DESPITE HIS CLIENT'S INDIGENT STATUS, TRIAL COUNSEL RENDERS CONSTITUTIONALLY DEFICIENT AND PREJUDICIAL PERFORMANCE, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I, OHIO CONSTITUTION."
 II {¶ 6} "THE TRIAL COURT ERRED BY HOLDING A SENTENCING PROCEEDING OUTSIDE OF APPELLANT'S PRESENCE." *Page 3 
 III {¶ 7} "MR. CURREN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS PREVIOUS APPEAL."
 I {¶ 8} Appellant claims his trial counsel was ineffective for failing to file a motion to dismiss based on a violation of speedy trial rights, and failing to request a waiver of court costs and fines. We disagree.
 {¶ 9} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 10} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 11} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 12} Pursuant to R.C. 2945.71(C)(2), "A person against whom a charge of felony is pending: * * *Shall be brought to trial within two hundred seventy days after the person's arrest." Under R.C. 2945.72, extensions of time for hearing or trial are *Page 4 
permitted in certain circumstances. The subsections applicable to this appeal are as follows:
 {¶ 13} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 14} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 15} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 16} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 17} We have examined the docket and trial entries and find there has not been a violation of appellant's right to a speedy trial. We note three different judges were assigned to this case, two of which were retired judges. It appears both parties agree to the computation of the days up to appellant's request for a motion in limine filed on May 6, 2003. Up to May 6, 2003, 178 days had passed of the 270 day limit imposed by statute. Appellant's own motions of July 12, 2002 (request for continuance to obtain an attorney), October 18, 2002 (demand for discovery) and January 29, 2003 (motion to suppress), accounted for the specific tolling of days up to May 6, 2003.
 {¶ 18} After the trial court conducted a hearing on appellant's May 6, 2003 motion in limine, the trial court filed a journal entry on June 20, 2003 which included specific orders that we find tolled the days to March 1, 2004: *Page 5 
 {¶ 19} "The Court sustained the Defendant's Motion in Limine and the parties reached a tenative (sic) agreement on how to proceed in editing the taped interview of the Defendant. The Court approved the agreement and then made the following orders.
 {¶ 20} "It is therefore ORDERED, ADJUDGED AND DECREED that:
 {¶ 21} "1. The assistant prosecutor and counsel for the defendant will review the tapes of the defendant's statement together and will attempt to come to an agreement as to the editing of the tapes so that the jury may review them.
 {¶ 22} "2. If no agreement is reached in regard to the tapes, this matter shall come before the Court for further hearing on trial motion.
 {¶ 23} "3. The jury trial scheduled for June 9, 2003, is hereby cancelled, to be rescheduled at a later date.
 {¶ 24} "4. The time within which to try this matter is hereby tolled retroactive from May 6, 2003, this delay has been caused by the Defendant's Motion in Limine."
 {¶ 25} There is no indication that any action to facilitate the trial court's order was taken until appellant's November 5, 2003 motion to supplement the motion in limine. There was no other action by appellant to advance the issue. A pretrial was conduced on February 18, 2004, and the trial court again addressed the unresolved motion in limine as follows:
 {¶ 26} "The parties discussed the matter including the issue that the Court has yet to rule on the defendant's Motion in Limine.
 {¶ 27} "The State of Ohio requested a continuance of the jury trial scheduled in this matter for March 1, 2004, based on the facts that the Court has yet to rule on the defendant's Motion in Limine and further that one of the State's witnesses is unavailable *Page 6 
on March 1, 2004. Counsel for the defendant objected to the continuance and the Court noted the objection.
 {¶ 28} "It is therefore, ORDERED, ADJUDGED AND DECREED that:
 {¶ 29} "1. The State's Motion for continuance is granted.
 {¶ 30} "2. The jury trial scheduled for March 1, 2004, is taken out of assignment.
 {¶ 31} "3. This matter is assigned for trial before a jury to begin on the 19th day of April, 2004 at 9:00 A.M." See, Journal Entry filed March 3, 2004.
 {¶ 32} We conclude the speedy trial clock was restarted on March 1, 2004, and appellant's trial commenced on April 19, 2004, for an additional 49 days. Therefore, under the statutory guideline, we find 227 days had passed before the commencement of appellant's trial, well within the 270 day time limit.
 {¶ 33} Appellant also argues his trial counsel was ineffective for failing to object to or request a waiver of costs and attorney fees. We find because the trial court did not specifically address these issues until the judgment entry, there was no way for trial counsel to object.
 {¶ 34} Upon review, we do not find any ineffective assistance of counsel as to these issues.
 {¶ 35} Assignment of Error I is denied.
 II {¶ 36} Appellant claims the trial court erred in imposing financial sanctions in the form of costs and fines outside his presence. We agree.
 {¶ 37} Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of *Page 7 
sentence. In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:
 {¶ 38} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings.Kentucky v. Stincer (1987), 482 U.S. 730, 745, 107 S. Ct. 2658. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.'"
 {¶ 39} Upon review, we find the trial court erred in imposing financial sanctions outside of appellant's presence. We hereby remand the matter for a resentencing hearing on this issue.
 {¶ 40} Assignment of Error II is granted.
 III {¶ 41} Appellant claims his appellate counsel was ineffective for failing to raise the issues addressed in Assignment of Error I. Based upon our decision in said assignment, we find this assignment to be moot. *Page 8 
 {¶ 42} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed in part and reversed in part.
Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellant. *Page 1